**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| John Edward James, III, | No. CV-21-00305-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. |  |
| Unknown Adame, |  |
| Defendant. |  |

Plaintiff John Edward James, III, who is currently confined in the Pima County Adult Detention Center (PCADC), filed a pro se civil rights Complaint under 42 U.S.C. § 1983. (Doc. 16.) Before the Court is Plaintiff's filing entitled "Order for Jail to Show Cause Intercepting and Withhold [sic] Legal Mail." (Doc. 41.) In sum, Plaintiff argues that his incoming and outgoing U.S. mail is being withheld by the Pima County Adult Detention Complex (P.C.A.D.C.) which is hindering his participation in the underlying action. (*See id.*) Plaintiff makes three separate motions: (1) issue an Order to Show Cause on P.C.A.D.C.; (2) order a new scheduling order so that Plaintiff may comply with the pretrial deadlines; and (3) provide Plaintiff with a documents list "to verify which documents the Court received from [] or sent to Plaintiff." (*Id.* at 5.) Defendant Adame filed a Response indicating that: (a) he objects to an Order to Show Cause because P.C.A.D.C. is not a party to this action and because this Court lacks jurisdiction to grant the requested relief; and (b) he has no objection to extending the deadlines in the scheduling order. (Doc. 42.) Defendant did not indicate a position with respect to Plaintiff's request for a "documents list." (*See id.*)

**I.      Motion for Preliminary Injunctive Relief**

Plaintiff's request for an Order to Show Cause is more properly construed as a motion for preliminary injunctive relief because he seeks both an order to show cause and an order directing P.C.A.D.C. to implement a receipt system for the collection and issuance of incoming and outgoing mail. (*See* Doc. 41 at 1, 5.)

A plaintiff seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, injunctive relief must be narrowly drawn and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

Here, the Court lacks jurisdiction to consider Plaintiff's claim as P.C.A.D.C. is not a party to the instant action. *See Pac. Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see also Prince v. Schriro, et al.*, CV 08-1299- PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (unless a claim concerns access to the courts, the Plaintiff must show a nexus between the relief sought and the claims in the lawsuit.). Moreover, Plaintiff does not allege that Defendant Adame is involved in any of the claims referred to in his motion. A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2)

(a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") Because this Court lacks jurisdiction to consider Plaintiff's request, his motion for injunctive relief is denied.

## II. Motion to Stay Current Deadlines

On December 29, 2022, Defendant Adame filed "Defendant's Motion for Summary Judgment (Failure to Exhaust – Prison Reform Litigation Act)." (Doc. 44.) On January 3, 2023, the Court issued a Notice, under *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir.1998), informing Plaintiff of his obligation to respond to the motion and his requirements under Federal Rule of Civil Procedure 56. (Doc. 46). In light of the pending summary judgment motion, Plaintiff's request to amend the Scheduling Order is best addressed as a motion to stay the current deadlines.

District courts have broad discretion in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

Applying the relevant factors to this case, a stay is warranted. The Court has

reviewed the pending motion for summary judgment, and it appears to present a colorable defense based on exhaustion. (*See* Doc. 44.) *If* granted, Defendant Adame's summary judgment motion will resolve the case in its entirety. Based on the foregoing, the parties' time and resources will be conserved by a stay. Thus, the Court will vacate all deadlines, except those deadlines related to the summary judgment briefing. (*See* Doc. 46.) The Court will also stay merits-based discovery. If the Court denies the motion for summary judgment, then the Court will reset any necessary deadlines, and lift the stay on merits-based discovery.

### III.    Motion for Copy of Docket Sheet

Plaintiff requests "a copy of the documents list to verify which documents the Court received from [] or sent to Plaintiff" which the Court refers to as a Docket Sheet. (Doc. 41 at 5.) The Court will grant the Motion to the extent that the Court will direct the Clerk of Court to send Plaintiff a copy of the docket for this case. The Court will deny the Motion with respect to all other relief requested. To the extent Plaintiff requests copies of particular documents, filings, or orders, Plaintiff is informed that the Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* 28 U.S.C. § 1914(4)(a). The fact that the Court has granted leave for Plaintiff to proceed in forma pauperis does not entitle him to free copies of documents from the Court. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. To request copies at this juncture, Plaintiff must submit a request in writing to the Clerk, a large self-addressed envelope affixed with sufficient postage, and prepayment of copy costs to the Clerk. Plaintiff is advised that in the future, he should keep a copy of any document he submits to the Court.

///

## IV. Order

**IT IS ORDERED DENYING IN PART AND GRANTING IN PART** Plaintiff's Motion (Doc. 41), specifically the Court:

(1) **DENIES** Plaintiff's motion for preliminary injunctive relief;

(2) **GRANTS** Plaintiff's motion to stay discovery and all pretrial deadlines, except those deadlines related to the motion for summary judgment (*see* Doc. 46); Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment, together with a separate Statement of Facts and supporting affidavits, remains **January 31, 2023**; and Defendant may file a reply within 15 days after service of Plaintiff's response; and

(3) **GRANTS** Plaintiff's motion for copy of docket sheet; the Clerk of Court must send Plaintiff a copy of the docket sheet for this case; and the Motion is denied with respect to all other relief requested.

Dated this 5th day of January, 2023.

_____
Honorable John C. Hinderaker
United States District Judge